## Proferes v. Roach

*Theodore L. Krohn* and *John M. Dudrick*, for plaintiffs.

*Perry J. Shertz*, for defendants.

*Harry B. Schooley, Jr.*, for additional defendant.

SCHIFFMAN, J., March 6, 1963.—This is an action in trespass by plaintiffs, husband and wife, against defendants with plaintiff husband having been joined as an additional defendant. The matter presently before us for consideration however is plaintiff Peter Proferes' rule to show cause why the request of the defendants Roach for oral depositions should not be denied.

Subsequent to the filing of the complaint in this matter and the entry of appearances by counsel for all defendants, written interrogatories were taken of both plaintiffs. Thereafter, counsel for the defendants Roach filed notice upon counsel for each plaintiff to submit to oral depositions, pursuant to Pa. R. C. P. 4007. The female plaintiff, Katherine Proferes, did submit to the aforementioned depositions.

Counsel for the male plaintiff, Peter Proferes, appeared at the time and place appointed for the taking of these depositions. He objected to exposure to oral depositions after having submitted to written

interrogatories. He thereafter reiterated his objections in the form of the aforementioned rule to show cause.

Counsel for defendants Roach then moved this court to grant a sanction order under Pa. R. C. P. 4019 (a) against plaintiff Peter Proferes, directing him to appear for oral depositions or suffer judgment of non pros.

Defendants' first request that this rule be discharged upon the theory that the device of a rule to show cause is not the proper means of raising plaintiff Peter Proferes' objections to submitting to oral deposition. They reason in this regard that under the Pennsylvania Rules of Civil Procedure a party seeking to restrain the taking of depositions must do so by utilizing one of the two methods provided in the Rules of Civil Procedure, to wit:

(a) By means of filing "objections" within ten days of the service of notice of taking of depositions upon him under Pa. R. C. P. 4007 (d) (2), which of course deals with the matter prior to the date set for the taking of the depositions;

(b) By means of a request for a protective order under Pa. R. C. P. 4012, which method may be employed either prior to or at the time of the taking of the depositions.

The first procedure would be applicable only where this court by general rule had provided for the requirement, which has not been done.

There may well be serious merit to the defendants' second contention. However, in the interest of fairness and justice, we will not limit plaintiff to this extent. We will, therefore, consider the substantial merit of the male plaintiff's position.

The basic problem before us then is the question of whether a party to litigation, having elected to submit written interrogatories against another party in such

a proceeding is thereafter precluded from seeking oral depositions against the same party.

Without discussing in detail the extensive argument of counsel for both sides, we believe that the solution to this problem is clearly set out in the rules themselves.

Pennsylvania Rule of Civil Procedure 4005(c) provides that:

". . . Interrogatories may be filed and served after a deposition has been taken, *and a deposition may be sought after interrogatories have been answered* . . ." (Italics supplied.)

We fail to see how the answer to the problem herein presented might be stated any more succinctly. The matter is within the court's discretion.

Counsel for the male plaintiff argues, however, that by permitting this practice to be followed, parties to a proceeding will be submitted to unfair delay, expense, etc. The Pennsylvania Rules of Civil Procedure recognized that this provision of the rules might be used by unscrupulous persons to work an injustice upon litigants seeking only a fair, speedy and honest disposition of their cause. Therefore, further provided in Rule 4005(c) is language to the effect that on motion by the deponent or the other party interrogated, the court *may* make such protective order as justice may require.

We are urged that the decision of this court in the case of Wompierski v. Korzenienski, no. 123, March term, 1958, is controlling to preclude further inquiry herein by way of deposition. We do not construe that decision to have such unlimited impact in every conceivable situation. The circumstances of that case were determined not to warrant unlimited discovery, and that certain information therein sought was improper and unnecessary. Therefore, the scope of depositions was limited to certain defined propositions.

No general rule was prescribed in the Wompierski case precluding the use of both written interrogatories and oral depositions in a proper case. We state no absolute rule now of unqualified permission or refusal. Our conclusion must be properly justified by the specific facts of each situation.

In the exercise of our judicial discretion whether or not to allow depositions after interrogatories were taken, we are to be guided by the existing circumstances. It is our responsibility to prevent unfairness or injustice. It is our further obligation to protect parties from unreasonable annoyance, embarrassment, expense or oppression. We would issue an appropriate protective order where required by the circumstances.

In the instant case, the defendants Roach claim they desire to discover by means of oral depositions, facts which could not be concisely or practicably determined by written interrogatories. Plaintiff Peter Proferes has not advanced any convincing argument that the purpose of the defendants Roach is not what they proclaim it to be. We, therefore, will not deny the taking of the depositions sought.

In view of the reasoning set out herein, the motion of the defendants Roach for a sanction order is premature and will not be considered by us at this time.

Accordingly, we issue the following

### Order

Now, March 6, 1963, plaintiff Peter Proferes' rule to show cause is discharged.

The motion for a sanction order submitted by defendants Wesley Roach and Barry Roach is denied.

Plaintiff Peter Proferes is directed to appear and submit to oral depositions on a date to be set by agreement of the parties, and if no agreement, counsel are directed to make application for a preferential trial listing and oral depositions shall be taken at a time not less than two weeks before trial date.